IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LEONDRE WALKER,

Plaintiff,

vs.

Defendants.[1]

8:25CV488

MEMORANDUM AND ORDER

This matter is before the court on Plaintiff Leondre Walker's complaint filed on August 1, 2025, with the first installment to his filing fee paid on November 17, 2025. Filing No. 1. Plaintiff is incarcerated within the Tecumseh State Correctional Institution (TSCI) of the Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or

---

[1] Plaintiff's complaint and supplements do not name the defendants. Plaintiff must do so if he chooses to proceed with this case by filing an amended complaint.

grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff filed an initial complaint, (Filing 1), and before paying any portion of the filing fee, he filed seven supplements. Filings 5, 10, 12-16. As the court has previously stated, it is difficult to interpret and review Plaintiff's claims because of the piecemeal and narrative nature of his filings.

On November 20, 2025, Plaintiff requested 90 additional days to prepare his case due to lack of access to the law library. On January 8, 2026, he was granted leave to file an amended complaint, but no deadline for doing so was stated. As of today, Plaintiff has not filed an amended complaint.

Plaintiff alleges he is in imminent danger. So rather than waiting for an amended complaint, the court will review the initial complaint and its supplements, and it will set a deadline for filing any amended complaint in accordance with this opinion. Liberally construed, and to the extent the court has understood Plaintiff's submissions, Plaintiff's complaint and supplements allege as follows.

Plaintiff is housed at TSCI, and he believes he is at risk of harm or death if he remains there. Before entering the Nebraska penal system, Plaintiff was shot in the face at close range in St. Louis, Missouri. After awakening from a coma, he underwent substantial mental and physical therapy. It took a long time to regain his strength and memory Filing 1 at 5.

In 2000, Plaintiff was incarcerated in Illinois on a 30-month to five-year sentence for aggravated battery of a peace officer. Filing 1 at 7. He believes the TSCI personnel know of this prior conviction and are retaliating against him for this prior conduct. He has been incarcerated in Nebraska for 23 years, and he claims he is "misunderstood" in Nebraska. Filing 1 at 3-5. He is serving a sentence of life in prison, plus three consecutive terms of 40-50 years. Filing 1 at 6. He has been fighting his conviction for the last 10-20 years and has received no visitors because he is focusing on his case. Filing 1 at 6-7.

In 2022, Plaintiff filed a §1983 lawsuit for injuries arising from a 2017 assault by what he describes as "five Mexicans." Filing 10 at 1, 6. The assault occurred at TSCI, and his lawsuit named TSCI and Corporal Rasmussen, a friend of Corporal Susano and Corporal Jennings, as defendants in that lawsuit. Filing 10 at 9, 11. The case was dismissed on initial review as barred by the statute of limitations. It was never served on the defendants. *Walker v. Tecumseh State Institution et al.*, 4:22-cv-03150-JFB-PRSE (D.Neb.).

3

On June 27, 2025, Plaintiff was transferred from RTC to TSCI. Upon arrival, he saw some of his enemies in his assigned prison housing area, and he asked to be moved to a different gallery. Corporal Ramos asked for the name of the enemies, but Plaintiff would not provide them. Plaintiff was not reassigned to another location.

Susano was a guard in Plaintiff's gallery, and he began assassinating Plaintiff's character by intimating or telling others in the gallery that Plaintiff is a snitch This statement is false. Plaintiff has never cooperated with law enforcement and has remained silent about others who have murdered or committed other crimes. Filing 1 at 3-5; Filing 10 at 6, 9. He was loyal to his gang. Filing 1 at 6.

Susano, Jennings, Corporal Conley, and Sergeant Johnson marginalize him and treat him poorly. Filing 1 at 3. Susano and Johnson did not allow Plaintiff to shower for four days, and Susano failed to provide toilet paper to Plaintiff for hours. Susano kept calling Plaintiff a "snitch." Plaintiff lost his temper and called Susano a "spick." Plaintiff was written up, but the write-up was dismissed. Susano, Jennings, and Conley repeatedly call Plaintiff a "bitch and a snitch," telling inmates that Plaintiff was snitching on the whole gallery. Filing 10 at 10; Filing 13 at 1. Plaintiff's enemies in the gallery "run their mouth" all day threatening him. Filing 10 at 6.

Plaintiff requested from TSCI and was sent a § 1983 packet on July 8, 2025, and a habeas petition packet on July 16, 2025. Plaintiff requested assistance from a legal aid, and he was advised to contact his housing unit to arrange such a meeting. Filing 5 at 7.

Plaintiff met with a legal aid in a private room on or before August 8, 2025. Plaintiff was strip-searched and then escorted by Susano to a private room to meet with the legal aid. At dinner time, Corporal Martinez delivered

4

a dinner tray to the legal aid. Plaintiff asked for his dinner tray and was told it was delivered to his room. Plaintiff expressed concern that Martinez had tampered with his food, but Martinez denied doing so. Plaintiff found it suspicious that his enemies and the guards who talk with him, including Martinez, are all Hispanic. Filing No. 10 at 1. His intuition tells him Martinez took paperwork from his cell when he delivered the dinner tray there in Plaintiff's absence. Filing 10 at 11.

Plaintiff believes Conley and Merchant have poisoned his food, but they deny doing so. Filing 10 at 11.

Plaintiff does not know how to use a tablet to file grievances, and TSCI personnel, including Susano and Jennings, will not give Plaintiff grievance forms. Filing 1 at 5; Filing 5 at 1. Plaintiff has filed request forms to be moved to protective custody or to RTC, but Warden Settles has not responded. Due to Settles' lack of response, Plaintiff is convinced Settles is working against him and secretly with Plaintiff's enemy homeboys. Filing 1 at 7-8; Filing 5 at 3; Filing 10 at 2, 10. Plaintiff does not know but suspects Settles has told staff to "mess with" Plaintiff. Filing 5 at 2. He knows Settles and the NDCS central office have assigned Susano and Jennings to work around Plaintiff so they can keep calling him a snitch. Filing 10 at 11.

Plaintiff has a "hunch" based on his "internal instincts" and "intuition" that Susano told Plaintiff's enemies about Plaintiff's requests to be transferred to RTC or moved to a different gallery, and Susano probably gave them Plaintiff's request forms. Filing 12 at 2.

On July 25, 2025, Susano grabbed Plaintiff's letter to his grandmother. Susano laughed when Plaintiff asked him to return the letter. Plaintiff asked Sergeant Easley and Corporal Graf to assist with retrieving it, but they did not. Filing 1 at 1-2.

Plaintiff wrote Settles that Susano is conspiring with Plaintiff's enemies and discriminating against him based on race. Susano, Jennings, and Graf have told or participated in telling Susano's "Mexican friends" in Plaintiff's gallery that Plaintiff snitched on Susano. Filing 1 at 2. Jennings and Susano are friends, and they talk in code and subliminally to Plaintiff's enemies. Filing No. 5 at 1; Filing 10 at 4.

A Native American in room 8 was angry because he was told he was moved to a different cell because of the Plaintiff. The Native American stated he was going to kill Plaintiff and make it look like an accident. Filing No. 5 at 2.

Plaintiff believes the TSCI staff are conspiring to "play games" with him and provoke him to "go off" by, for example, playing with his food; failing to sell him toothpaste or deliver it; swindling him or advising him that he has no money to purchase canteen items despite having money in his account; advising him he was going to medical and then cancelling that appointment because the nurse was coming to his room instead; failing to schedule a notary for signing his legal documents; agreeing to get a trash can so Plaintiff could dump his trash, but then failing to return; providing only one of his two hearing aids; and refusing to provide the cases in which he stored his cleaning brushes and white cloths. Filing No. 5 at 1-2; Filing 10 at 3-5, 10; Filing 14 at 1-2. Plaintiff believes the TSCI employees are trying to provoke him so they can keep him at TSCI long term and take away his privileges. Filing 10 at 6, 10. He also claims the prison staff persecute him for his Christian faith. Filing 1 at 4.

Plaintiff suspects Settles, his unit manager, and case manager Wingate are conspiring against him. Filing 10 at 3, 10. Conley and Wingate ignored or did not assist him in securing a notary, and Plaintiff's intuition tells him

Wingate lies to Plaintiff about everything. Conley and Wingate speak to Plaintiff's enemies more than to Plaintiff. Filing 10 at 6, 12.

On August 8, 2025, Martinez shook down his cell and took the paperwork from his prior lawsuit against TSCI. Filing No. 5 at 1, Filing No. 10 at 11. Plaintiff believes TSCI personnel are retaliating against him and trying to get him killed by his enemies because he filed a lawsuit. Filing 1 at 8; Filing 10 at 4.

On August 16, 2025, the rooms in his gallery were shaken down by Jennings while Plaintiff was in the shower. When Plaintiff returned to his room, he noticed his paperwork was disturbed. He accused Jennings of going through it, and Jennings laughed and swore which Plaintiff interpreted as an admission. Filing 10 at 8.

Plaintiff claims he cannot sleep for fear of being killed, has nightmares of being killed or committing suicide, and is losing weight because he cannot eat or keep food down. He claims being placed in protective custody is insufficient because his enemies plan to make his death look like a suicide. He asserts none of this would have happened if TSCI had moved him to a different gallery at the outset as he requested. His requests to be moved have been denied because he is assigned to "custody level 2 & per facility needs." Plaintiff asks the court for an order transferring him to the Reception and Treatment Center (RTC), and for an award of damages. Filing 1 at 4; Filing 5 at 3; Filing 10 at 2, 4-6, 9, 12; Filing 12 at 1; Filing 13 at 2; Filing 14 at 3; Filing 16 at 2, 3, 5.

Plaintiff requests appointment of counsel. He claims he needs to know what to do because TSCI is racially discriminating and secretly conspiring against him. Filing No. 10 at 2, 11; Filing 14 at 2. He asks the court for copies of the paperwork from his lawsuit concerning the 2017 attack, and for

production of his forms requesting relocation to a different TSCI gallery or RTC. Filing No. 10 at 11; Filing 14 at 3; Filing 15 at 1-2.

## III. DISCUSSION

While Plaintiff's complaint mentions several people, Plaintiff does not identify who he is suing. The court will not make that decision for him. His amended complaint must clearly name or otherwise identify the defendants.

Plaintiff's complaint contains several statements based on his intuition, hunches, assumptions, perceived common sense, suspicions, and instincts. The court must disregard these statements because they are based on speculation, not fact. Plaintiff must support each of his claims, as to each defendant named, with facts showing who, what, where, when, and how his rights were violated, and those allegations must support each element of the theory of recovery.

Very liberally construed, Plaintiff's complaint touches on, but does not sufficiently state Eighth Amendment claims challenging the conditions of his confinement, and the failure to protect him from harm; First Amendment claims of retaliation for filing a lawsuit or grievance, disrupting his mail, interfering with his access to the courts, and persecuting him based on religion; and discrimination based on race and religion.

### A. Claims

### 1. Eighth Amendment

Conditions of prison confinement violate the Eighth Amendment when 1) a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities; and 2) the prison official acts with deliberate indifference—he knows of and disregards an excessive risk to inmate health and safety. *Brown v. Nix*, 33 F.3d 951, 954 (8th Cir. 1994). Considered individually or collectively, the conditions of confinement described by Plaintiff (4-day wait for a shower; hours waiting for toilet paper; prison account issues; and the litany of other conduct Plaintiff believes was intended to provoke him),

8

while perhaps irritating, did and do not rise to the level of an Eighth Amendment violation. *Brown v. Nix*, 33 F.3d 951, 954 (8th Cir. 1994).

To state a claim for unconstitutional failure to protect from harm in violation of the Eighth Amendment, an inmate must allege facts showing (1) an objectively and sufficiently serious deprivation, meaning the conditions of his confinement posed a substantial risk of serious harm, and (2) the defendant was deliberately indifferent to the substantial risk of serious harm; that the defendant was aware of facts from which it could be inferred, and the defendant actually inferred, that a substantial risk of serious harm existed. *Chavero-Linares v. Smith*, 782 F.3d 1038, 1041 (8th Cir. 2015) (citing *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 834 (1994)). Plaintiff must allege facts to support each of these elements as to each named defendant. *See Axelson v. Watson*, 999 F.3d 541 (8th Cir. 2021). He has failed to do so, and any claims for failure to protect are subject to dismissal.

### 2. First Amendment

#### a. Retaliation

Plaintiff alleges he is being retaliated against, either for filing a lawsuit, filing a grievance, or being previously convicted for assaulting an officer. To allege a § 1983 claim for retaliation in violation of the First Amendment, Plaintiff's complaint must state facts showing "(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir.2004)). The First Amendment is violated when a state actor uses retaliatory conduct to discourage others from exercising their First Amendment rights. The

retaliatory conduct itself need not also be unconstitutional. *Id*. Plaintiff's allegations fail to adequately explain, as to each named defendant, facts supporting the elements of a First Amendment retaliation claim.

b.  Confiscation of Mail and Legal Papers

Subject to legitimate penological considerations and reasonable disciplinary restrictions, prisoners have a First Amendment right to send and receive mail. Stating only that a prisoner's letter was confiscated does state a claim that First Amendment rights were violated. See e.g., *Kendrick v. Faust*, 682 F. Supp. 2d 932 (E.D. Ark. 2010). Similarly, an allegation that legal papers were taken does not, in and of itself, state a claim for denial of access to the courts. An inmate claiming lack of access to the courts must show how the defendant's conduct hindered his efforts to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

c.  Exercise of Religion

Plaintiff mentions he is Christian and is being persecuted for his religious beliefs. His conclusory statements are insufficient to state a First Amendment claim for violation of religious rights.

### 3. Discrimination

As to Plaintiff's references to race and religious discrimination, Plaintiff must allege facts showing, as to each named defendant, he was intentionally or purposefully subjected him to unequal treatment based on his race or religion. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007). Plaintiff's complaint fails to allege facts to support his discrimination claims.

### B. Motions

Plaintiff's submissions include requests for counsel, copies of filings in this prior lawsuit, and a motion for copies of inmate requests he believes are relevant to this lawsuit.

### 1. Motion for Appointment of Counsel

Plaintiff requests appointed counsel. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no current need to appoint counsel. As such, Plaintiff's motion for appointment of counsel will be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

### 2. Motion for Copies of Court Filings

Plaintiff requests copies of his filings in *Walker v. Tecumseh State Institution et al.*, 4:22-cv-03150-JFB-PRSE (D.Neb.)., alleging they were confiscated by TSCI staff. It is currently unclear how these filings are relevant to the current lawsuit. The request will be denied.

### 3. Motion for Pre-Service Discovery

Plaintiff requests copies of his inmate requests asking for assignment to a different TSCI gallery or transfer to the RTC. He claims he submitted these request forms to Settles, they were never returned, and Plaintiff needs them

11

to litigate this case. Plaintiff may send discovery requests to the defendants if and only after the court enters a case progession order. The court will not order production of the inmate requests unless the defendants have improperly refused to produce them in response to Plaintiff's properly served Requests for Production of Documents. Plaintiff's current request for an order compelling production of the inmate request forms will therefore be denied.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff has failed to name the defendants or allege a cognizable claim against any defendant. The complaint is subject to dismissal. But instead of dismissing the complaint at this time, the court will grant Plaintiff leave to file an amended complaint.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion for Appointment of Counsel, Filing 22, is denied without prejudice.

2. Plaintiff's Motion for Copies of Court Filings in *Walker v. Tecumseh State Institution et al.*, 4:22-cv-03150-JFB-PRSE (D.Neb.)., Filing 23, is denied.

3. Plaintiff's Motion for Pre-Service Discovery, Filing 24, is denied.

4. Plaintiff shall have until March 4, 2026, to file an amended complaint. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. **Plaintiff is advised that any amended complaint filed will replace the initial complaint and its supplements. So, if Plaintiff intends to file an amended complaint, he must include all of the claims**

12

**he wishes to pursue against all of the individuals that he wishes to proceed against in any amended complaint, without relying upon or incorporating by reference any allegations made in the Complaint or Supplements. Plaintiff should be mindful to explain in an amended complaint what each defendant did to him, when and where the defendant did it, and how the defendant's actions harmed him.** Plaintiff is encouraged to use the form complaint enclosed with the court's prior order dated January 8, 2026. To assist the court in accurately reading his filings, **Plaintiff is further encouraged to not use all capital letters when writing, to place spaces between his words, and to leave an empty margin on all sides of each page so that all his words are visible and legible**.

5.      The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b) in the event he files an amended complaint.

6.      The Clerk of Court is directed to set a pro se case management deadline using the following text: "March 4, 2026: check for amended complaint."

7.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 2nd Day of February, 2026.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

13